UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 15-cr-20694

v.                                    Judith E. Levy
                                      United States District Judge

Andriel McGowan,
                                      Mag. Judge R. Steven Whalen
                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO VACATE HIS
SENTENCE PURSUANT TO 28 U.S.C. § 2255 [101]**

On December 2, 2016 defendant plead guilty to three counts of carjacking, 18 U.S.C. § 2119, and two counts of using a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii), (c)(1)(C)(i). On June 29, 2017, the Court sentenced defendant to twelve months in custody for the three carjacking counts, one day in custody on the first firearm count, and 300 months in custody on the second firearm count. Because defendant plead guilty to two violations of 18 U.S.C. § 924(c), the statute mandated a minimum sentence of 300 months for the second violation.

Defendant now moves under 28 U.S.C. § 2255 to vacate his sentence. He asserts that he received ineffective assistance of counsel throughout his plea and sentencing because his attorney failed to apply the logic of *Sessions v. Dimaya,* 584 U.S. __, 138 S. Ct. 1204 (2018), which was pending at the time of defendant's plea and sentencing, to argue that the phrase "crime of violence" as used in § 924(c) and defined in 18 U.S.C. § 16 was unconstitutionally vague.

A defendant claiming ineffective assistance of counsel must show that counsel's assistance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 672 (1984). The defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694).

In this case, defendant cannot show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.*

Defendant argues his counsel was ineffective for failing to object to the vagueness of the term "crime of violence" as defined in 18 U.S.C. § 16(b). Although the Supreme Court ultimately held that § 16(b) is unconstitutionally vague, § 16(b) is not applicable to defendant's sentence. The "crime[s] of violence" that subjected defendant to the 300 month mandatory minimum under § 924(c) were his three carjacking convictions. Carjacking is a crime of violence as defined by 18 U.S.C. § 16(a)—not § 16(b)—because it is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Indeed, the elements of carjacking under 18 U.S.C. § 2119 are (1) taking a motor vehicle (2) that "has been transported, shipped, or received in interstate or foreign commerce" (3) "from the person or presence of another *by force and violence or by intimidation*," (4) "with the intent to cause death or serious bodily harm[.]" 18 U.S.C. § 2119 (emphasis added).

Defendant committed a crime of violence as defined by § 16(a) rather than § 16(b), and, thus, an argument at any stage of the proceeding based on *Sessions v. Dimaya* would have been unsuccessful. In that case, the Supreme Court made clear that "[s]ection 16(b), the

3

residual clause, is the part of the statute at issue," and its holding invalidated only that part of the statute. *Dimaya*, 138 S. Ct. at 1211, 1223. Because defendant was convicted of a crime of violence as defined by § 16(a) and the Supreme Court has not deemed that portion of the statute unconstitutional, an argument based on the vagueness of that statute would not have raised a "reasonable probability . . . the result of the proceeding would have been different." *See Cullen*, 563 U.S. at 189.

For the reasons set forth above, defendant's motion to vacate his sentence (Dkt. 101) is DENIED.

IT IS SO ORDERED.

Dated: August 16, 2018　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2018.

　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　Case Manager