UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

              Plaintiff,        Case No. 15-20694

v.                                Judith E. Levy
                                    United States District Judge

Andriel McGowan (D-1),

              Defendant.

_____/

**ORDER DENYING DEFENDANT ANDRIEL MCGOWAN'S MOTION FOR COMPASSIONATE RELEASE [154] AND MOTION TO ACCELERATE BRIEFING ORDER AND EXPEDITE HEARING OF PETITION FOR COMPASSIONATE RELEASE [155]**

Before the Court is Defendant Andriel McGowan's request for compassionate release from federal custody. (ECF No. 154.) Also before the Court is Defendant's motion to accelerate briefing of the petition. (ECF No. 155.) For the following reasons, both of Defendant's motions are DENIED.

**Background**

On June 30, 2017, the Court sentenced Defendant to 312 months and 1 day's imprisonment after he pled guilty to three counts of

Carjacking-Motor Vehicles, in violation of 18 § USC 2119; one count of Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 § USC 924(c)(1)(A)(ii); and one count of Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 § USC 924(c)(1)(C)(i). (ECF No. 88.) The factual basis for Defendant's plea was as follows:

> Between September 8, 2015, and September 27, 2015, Defendant McGowan was involved in part of a series of carjacking crimes that occurred in Detroit, Michigan. Specifically, on September 15, 2015, McGowan and at least one other co-defendant threatened and robbed an individual by taking his pickup truck at gunpoint. The victims were in a 2006 black Ford F-150 truck at 16255 Greenfield, Detroit, Michigan. At the time of the carjacking, McGowan and others took cellular phones and cash from the victims.
>
> On September 20, 2015, McGowan and at least one other co-defendant approached two men outside of a Coney Island restaurant at 6 Mile and Greenfield in Detroit, Michigan. McGowan and the second assailant, while both brandishing a handgun, demanded "everything" from the victims' pockets. McGowan and the second assailant forced the victims to the ground where McGowan and the second assailant took property from the victims including money and a watch. McGowan and the second assailant then drove off in the victim's 2000 Chevy Tahoe.
>
> On September 25, 2015, McGowan and at least two other assailants approached a man as the man was walking to his car in the parking lot of 14927 Warren in Dearborn, Michigan.

> McGowan and the other assailants, while brandishing a firearm, took the victim's wallet and car keys. With the assistance of McGowan, one of the assailants got into the victim's car and drove off in the victim's 2009 Chevy Impala.

(ECF No. 64, PageID.265.)

Defendant's 312-month sentence, imposed in 2017, reflected the then-available prosecutorial practice of "stacking" enhanced 924(c) charges within the same indictment. At the time, § 924(c) required that a defendant convicted of "a second or subsequent conviction under this subsection" be sentenced to an enhanced mandatory minimum of not less than 25 years. *See* 18 U.S.C. § 924(c)(1) (1994). The Supreme Court, in *Deal v. United States*, had in 1993 interpreted this language to permit "stacking" of the 25-year term for offenses charged within the same case—even if the defendant had no prior convictions—such that a defendant convicted of two § 924(c) counts in the same indictment would receive sentences of 5 and 25 years, consecutive to one another. 508 U.S. 129 (1993).

Congress outlawed this practice in the 2018 First Step Act, clarifying in Section 403 that the enhanced mandatory minimum of 25 years may only be imposed for a violation that occurs *after* a prior conviction under § 924(c) has become final, rendering it impossible to

3

trigger the mandatory minimum on a first-time indictment. Pub. L. No. 115-391, 132 Stat. 5194. However, Congress opted not to make this prohibition retroactive, clarifying that the stacking ban would apply to "offense[s] . . . committed before the date of enactment of this Act [only if] a sentence for the offense has not been imposed as of such date of enactment." *Id.* Thus, though Defendant would not have received the mandatory 25-year sentence were he sentenced under § 924(c) today for the same crimes, Section 403's non-retroactivity provision statutorily prohibits him from receiving the benefit of the First Step Act's clarification. *See id.*

On April 6, 2021,[1] Defendant moved for compassionate release and/or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that he is entitled to release because 1) of the "sentence disparity created by the non-retroactive applicability of the First Step Act's abandonment of the 'stacking' provision under 18 U.S.C. § 924(c)(1)(A)"; and 2) the COVID-19 pandemic and the Bureau of Prison (BOP)'s

---

[1] Received and docketed April 27, 2021.

4

responding action plan created particularly harsh conditions of confinement during 2020 and 2021. (ECF No. 154.)

**Analysis**

> Compassionate-release motions require a "three-step" inquiry:
>
> First, the Court must "find that extraordinary and compelling reasons warrant a sentence reduction";
>
> Second, the Court must "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and
>
> Finally, the Court must "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."

*United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of these requirements are met, the district court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)." *Id.*

The Court denies Defendant's motion for compassionate release because the Sixth Circuit has explicitly held that sentencing disparities created by the First Step Act's non-retroactive stacking prohibition are not extraordinary and compelling circumstances warranting compassionate release. *United States v. Jarvis*, 999 F.3d 442, 442 (6th Cir. 2021) ("The text of these sentencing statutes does not permit us to

5

treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction."); *See also United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021) (holding that it would render "useless" a non-retroactivity provision were courts to use the compassionate release statute "as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms").[2]

Defendant urges the Court to "ignore the erroneous decision in *Jarvis* [and *Tomes*]," and cites to *Owens,* a pre-*Jarvis* decision holding that "a defendant's excessive sentence because of mandatory-minimum sentences since mitigated by the First Step Act may, alongside other factors, justify compassionate release." (ECF No. 162, PageID.1071-1072

---

[2] Apparently interpreting the First Step Act's one-sentence non-retroactivity provision as an absolute bar to equitable relief, the Sixth Circuit reasons that "congressional design, expressed through the text of the [First Step Act], in which Congress chose not to make these sentencing amendments retroactive . . . would come to naught" if "every defendant who received a longer sentence than the one he would receive today became eligible for compassionate release." *Jarvis*, 999 F.3d at 444. The Sixth Circuit has entirely carved these circumstances out of the compassionate release statute—leaving no room for individualized assessments—despite previously holding that "district courts have full discretion to define 'extraordinary and compelling' [] for purposes of determining whether extraordinary and compelling reasons support the defendant's release." *Id.* at *451 (Clay, J. dissenting) (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)).

6

(citing *United States v. Owens*, 996 F.3d 755, 762 (6th Cir. 2021)).) The Court cannot accept Defendant's invitation, particularly because *Jarvis* explicitly addresses, and declines to follow, *Owens*' reasoning: "*Tomes*, decided before *Owens*, 'remains controlling authority' that binds this panel. Forced to choose between conflicting precedents, we must follow the first one, *Tomes*." *Jarvis*, 999 F.3d at 442.

Accordingly, Defendant's sentencing disparity cannot be considered extraordinary and compelling reasons for compassionate release. *Id.* Additionally, the Court appreciates—and agrees with—Defendant's argument that his sentence should be considered harsher than normal during the previous year of incarceration due to the especially challenging living circumstances while incarcerated during a global pandemic. While this argument may impact the § 3553 factors regarding whether Defendant's sentence was "sufficient, but not greater than necessary" to serve the purpose of incarceration, 18 U.S.C. § 3553(a), it does not impact the question of whether extraordinary and compelling circumstances exist to justify Defendant's release.

Accordingly, Defendant's motions for compassionate release (ECF No. 154) and expedited review (ECF No. 155) are DENIED.

IT IS SO ORDERED.

Dated: July 20, 2021      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2021.

                                       s/William Barkholz
                                       Case Manager